IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| ANTOINE RIGGINS,<br><br>    Plaintiff,<br><br>vs.<br><br>U/K SEPULVEDA, U/K BOYCE, RENEE FELIX, GRIEVANCE COORDINATOR; AND KERRI MOORE, ASSISTANT SECRETARY OF GRIEVANCE APPEALS;<br><br>    Defendants, | Civil Action No. 3:24-CV-00030-CBB<br><br>United States Magistrate Judge<br>Christopher B. Brown |

**MEMORANDUM OPINION**[1]
**ON PARTIAL MOTION TO DISMISS ECF No. 31**

**I.   Introduction**

Plaintiff Antoine Riggins ("Riggins"), who is proceeding pro se and in forma pauperis, initiated this civil action on February 16, 2024. ECF No. 1. Riggins is currently incarcerated at State Correctional Institution Greene ("SCI-Greene"), and the events giving rise to this action occurred while he was incarcerated at SCI-Somerset as well as SCI-Greene. ECF No. 30. Riggins asserts claims for violations

---

[1]   All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

of his federal rights under the First and Fourteenth Amendments to the U.S. Constitution pursuant to 42 U.S.C. § 1983. [2] *Id.* at 2.

There are four defendants in this matter. Defendants Sepulveda and Boyce are both Corrections Officers at SCI-Somerset. Defendants Felix and Moore are both involved in the grievance process – Felix as the SCI-Somerset Grievance Coordinator and Moore as the DOC Assistant Secretary of Grievance Appeals. *See* ECF No. 30 at 1-2. Riggins sues each Defendant in their individual capacity only. *Id.*

In his Amended Complaint, Riggins brings the following claims:

- Retaliation against Defendant Sepulveda, ECF No. 30 at 3;
- Conspiracy and Retaliation against Defendants Sepulveda and Boyce, *id.* at 4;
- Conspiracy and Retaliation against Defendants Felix and Moore; *id.* at 4-6.

Riggins seeks compensatory, nominal, and punitive damages. ECF No. 30 at 6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

Pending before the Court is Defendants' Partial Motion to Dismiss the conspiracy claim against Defendants Sepulveda and Boyce and all claims against

---

[2] In the opening section of Riggins' Amended Complaint, he states he is bringing claims under the Fourteenth Amendment. ECF No. 30 at 2. The Court conducted a close read of Riggins' Amended Complaint, and it does not appear that any of his claims arise under the Fourteenth Amendment. To the extent that Riggins has attempted to raise a Fourteenth Amendment claim, the Court will *sua sponte* dismiss that claim for failure to state a claim pursuant to the screening provisions in 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

Defendants Felix and Moore.³  ECF No. 31.  The Motion is fully briefed and ripe for consideration.  ECF Nos. 31-32, 42-43.

For the reasons that follow, the Partial Motion to Dismiss is DENIED as to the conspiracy claim against Defendants Sepulveda and Boyce and GRANTED as to the claims against Defendants Felix and Moore.

## II. Factual Background

The following allegations in the Amended Complaint are accepted as true with all reasonable inferences drawn in the light most favorable to Riggins.  *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 237 (3d Cir. 2008).

According to the Amended Complaint, Riggins was in general population at SCI-Somerset until April 10, 2022.  ECF No. 30 at 2.  In general population, he enjoyed privileges such as enrollment in business education classes and a writing literacy group as well as "un-restrained out-of-cell activities."  *Id.*

On April 9, 2022, Defendant Sepulveda issued him a false misconduct and, as a result, he was removed from general population and placed in the Restricted Housing Unit ("RHU") which had none of the privileges of general population.  *Id.* at 3.  On April 13, 2022, Riggins defended himself at a misconduct hearing and his misconduct was dismissed.  *Id.*  The next day, Riggins told the Program Review Committee ("PRC") that he planned to file a civil action against Defendant

---

³ Defendants title their motion as a "Motion to Dismiss."  ECF No. 31.  For simplicity, the Court will refer to it as a Partial Motion to Dismiss since Defendants are only moving to dismiss "certain claims" against them.  *Id.* at ¶ 13.

Sepulveda for the false misconduct, which was relayed the same day to Defendant Sepulveda. *Id.*

On April 15, 2022, Defendant Sepulveda re-wrote the false misconduct and added an additional charge. *Id.* Riggins again presented his defense at a hearing on April 18, 2022, and the misconduct was again dismissed. *Id.* Riggins was released back into general population at SCI-Somerset on April 21, 2022. *Id.* at 3-4.

Riggins alleges that between April 21, 2022 – the day he was released back into general population – and February 15, 2023, Defendants Sepulveda and Boyce both conspired to retaliate against him for defeating Defendant Sepulveda's two misconducts. *Id.* at 4. At least twice after April 21, 2022, Defendant Sepulveda told Riggins: "No one defeats one of my misconducts. You'll get yours. My buddy Boyce will make sure of that." *Id.*

Riggins alleges Defendants Sepulveda and Boyce went on to "create[]" documentation which purported to show Riggins threatened Defendant Sepulveda numerous times, was a general threat to Defendant Sepulveda, his family, and SCI-Somerset, and that having Riggins at SCI-Somerset prevented Defendant Sepulveda from doing his job. *Id.* Additionally, Riggins alleges that Defendant Boyce presented this evidence to supervisors at SCI-Somerset in February 2023 along with his recommendation that Riggins be transferred to a different facility. *Id.* That after they did so, Defendant Sepulveda told Riggins "Have a nice trip, I told you me and Boyce would get you. You'll find out soon enough." *Id.* at 4. On February 15, 2023, Riggins was "Emergency Transferred" to SCI-Greene. *Id.*

4

Riggins submitted a grievance to Defendant Felix on April 7, 2023 via certified mail regarding the false allegations which resulted in his transfer. *Id.* at 5. He did not receive a response. *Id.* Riggins alleges Defendants Felix and Moore – who were involved in the grievance process and had received his grievance – both conspired to agree to tell Riggins they did not receive his grievance to prevent him from exhausting his administrative remedies. *Id.* Riggins alleges he has since received documents which show Defendant Moore in fact received the grievance. *Id.* at 6.

### III. Standard of Review

The applicable inquiry is governed by Federal Rule of Civil Procedure 12(b)(6) and is well settled. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and can be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A defendant has the burden of showing that a complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must be dismissed if it merely alleges entitlement to relief without supporting facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable

expectation that discovery will reveal evidence of' the necessary element.'" *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), nor a plaintiff's "bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims – not if they will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds).

Riggins is proceeding pro se, and he is entitled to a liberal reading of his pleadings and documents filed in opposition to the pending Motion. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). If the Court can reasonably read pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982). With this standard in mind, the undersigned now turns to Riggins' Amended Complaint and the pending Partial Motion to Dismiss.

## IV. Discussion

Riggins brings claims against Defendant Sepulveda for retaliation related to false misconducts, Defendants Sepulveda and Boyce for conspiracy and retaliation

related to his transfer, and Defendants Felix and Moore for conspiracy and retaliation related to interfering with the grievance process. ECF No. 30 at 2-6.

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979).

Defendants do not move to dismiss all claims, rather they move to dismiss the conspiracy claim against Defendants Sepulveda and Boyce as well as the claims against Defendants Felix and Moore. Each will be addressed in turn:

### a. Defendants Sepulveda and Boyce – Conspiracy

In his Amended Complaint, Riggins alleges Defendants Sepulveda and Boyce "conspired to retaliate against" him because he defeated two misconducts Sepulveda initiated against him. ECF No. 30 at 4. Riggins alleges Sepulveda and Boyce "'created' incidents and documents" portraying him as a "threat" to Sepulveda, Sepulveda's family, and SCI-Somerset, and that they had Riggins transferred to a different facility. *Id.* The Defendants move to dismiss Riggins' conspiracy claim but do not move to dismiss Riggins' retaliation claim.

7

To show a claim of civil conspiracy under § 1983, a plaintiff must allege (1) two or more persons conspired to deprive him of a constitutional right; (2) one or more of the conspirators performed an overt act in furtherance of the conspiracy; and (3) the overt act injured plaintiff by depriving him of his constitutional right; and (4) the conspirators were acting under color of state law. *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001) (*quoting* 42 U.S.C. § 1983).

For a section 1983 conspiracy claim to survive a motion to dismiss, the plaintiff "must allege specific facts showing an agreement and concerted action amongst the defendants." *Harmon v. Delaware Sec'y of State*, 154 Fed. Appx. 283, 285, n.3 (3d Cir. 2005) (citations omitted). A "mere general allegation" or "averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient" to state a claim for civil conspiracy under § 1983. *Kalmanovitz v. G. Heileman Brewing Co.*, 595 F. Supp. 1385, 1400 (D. Del. 1984), *aff'd*, 769 F.2d 152 (3d Cir. 1985).

Defendants only contest the first two elements – that the Defendants conspired and committed an act in furtherance of the conspiracy. *Id.* Defendants argue Riggins failed to show Sepulveda and Boyce "acted with any common purpose" or had "any agreement or understanding." ECF No. 32 at 4-5. Riggins responds that Sepulveda's comments about "My buddy Boyce" and "I told you me and Boyce would get you" show they were working together. ECF No. 43 at 5-7.

At this stage in the proceeding, the Court finds Sepulveda's multiple comments about "me and Boyce" are sufficient at this stage of the litigation to show

8

some type of understanding between them. *Whetzel v. Mangino*, No. 2:23-CV-01595-CCW, 2024 WL 4266556, at *3 (W.D. Pa. Sept. 23, 2024) (finding understanding between defendants because there was evidence of conversations and military salutes between them). Further discovery will reveal whether or not Sepulveda and Boyce were actually working in concert.

Defendants next argue that while Riggins alleged Sepulveda and Boyce "performed individual acts in retaliation" against him, he does not allege any "concrete evidence of any overt act" in furtherance of the alleged conspiracy. ECF No. 32 at 4. Riggins responds that their overt act was reporting Riggins to their supervisors with documents they manufactured that portrayed Riggins as a security threat, resulting in his transfer. ECF No. 43 at 7.

Riggins sufficiently pleads an overt act because he alleges Defendants Sepulveda and Boyce reported him as a security threat, created documents portraying him as a security threat, and recommended his transfer. ECF No. 30 at 4. These are the same acts supporting his underlying claim of retaliation; however, there is no requirement that defendants engage in *separate* acts related only to a general conspiracy, rather it is the conspiracy to retaliate that is at issue here. *Bell v. Sullivan*, No. CV 17-912, 2017 WL 5518005, at *5 (E.D. Pa. Nov. 16, 2017) (holding plaintiff alleged defendants acted in furtherance of the conspiracy when they "retaliat[ed] against [plaintiff] for refusing to withdraw his suit against [defendant]").

9

Accordingly, Riggins sets forth sufficient facts to support a conspiracy claim against Defendants Sepulveda and Boyce at this stage in the litigation. As a result, Defendants' Partial Motion to Dismiss the conspiracy claim against Defendants Sepulveda and Boyce is DENIED.

### b. Defendants Felix and Moore – Conspiracy and Retaliation

Defendants next move to dismiss all claims against Defendants Felix and Moore. ECF No. 32 at 5-9. Riggins brings § 1983 conspiracy and retaliation claims against Defendants Felix and Moore, alleging they "conspired to retaliate against plaintiff for exercising his right to file a civil action against SCI Somerset staff" by falsely saying he never submitted the grievance, which prevented him from exhausting his administrative remedies. ECF No. 30 at 4-5.

Defendants argue the claims against Felix and Moore should be dismissed because there is no constitutional right to an effective grievance process, and interference with the grievance process cannot support claims for retaliation and conspiracy. ECF No. 32 at 5-9.[4] Riggins responds that his allegations support both retaliation and conspiracy claims. ECF No. 43 at 9-12.

As an initial matter, "violations of grievance procedures do not give rise to a cognizable claim under section 1983." *Iwanicki v. Pennsylvania Dep't of Corr.*, 582

---

[4] Defendants also argue Felix and Moore had no personal involvement in the decision to transfer Riggins to SCI-Greene. ECF No. 32 at 5. To the extent that Riggins is bringing a claim against Defendants Felix and Moore for their involvement in his transfer to SCI-Greene, his claim must fail. His Amended Complaint does not allege any facts showing their personal involvement in the transfer beyond their involvement in the grievance process. *See generally,* ECF No. 30. Further, "the filing of a grievance, participation in 'after-the-fact' review of a grievance, or dissatisfaction with the response to an inmate's grievance does not establish the involvement of officials and administrators in any underlying constitutional deprivation." *See Sears v. McCoy*, 2017 WL 4012658, *3 (M.D.Pa. 2017) (citing *Pressley v. Beard*, 266 F.App'x 216, 218 (3d Cir. 2008)).

10

F. App'x 75, 81 (3d Cir. 2014) (citing *Hoover v. Watson*, 886 F.Supp. 410, 418–19 (D.Del.1995), aff'd, 74 F.3d 1226 (3d Cir.1995)).

Riggins also cannot rely on Defendants' alleged interference with the grievance process to support his retaliation claim. To bring a retaliation claim, an incarcerated plaintiff must show "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).

Even assuming Riggins filed the grievance against SCI-Somerset staff and engaged in protected activity, Riggins cannot state a retaliation claim because "mishandling" a prison grievance is not considered an action "adverse enough to deter a prisoner from exercising his right of access to the courts." *Burke v. Sessions*, No. CV 17-7870(RMB), 2018 WL 6597114, at *2 (D.N.J. Dec. 14, 2018) (citing *Iwanicki*, 582 F. App'x at 81 (dismissing claim that mishandling grievance was institutional retaliation)). Riggins cannot meet the second element of a retaliation claim and his claim must fail.

Since Riggins' retaliation claim fails, so does his conspiracy claim, as there was no underlying constitutional violation. *See Harvard v. Cesnalis*, 973 F.3d 190, 207 (3d Cir. 2020) (to state a conspiracy to violate constitutional rights, there must be "an actual underlying constitutional violation of the plaintiff's rights.")

11

As interference in the grievance process does not give rise to a cognizable claim under § 1983, *Iwanicki*, 582 F. App'x at 81, any amendment to Riggins' claims against Felix and Moore would be futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (holding a court need not provide leave to amend a complaint where amendment would be futile, meaning that the complaint as amended would fail to state a claim upon which relief could be granted).

Accordingly, the Partial Motion to Dismiss the claims against Defendants Felix and Moore is GRANTED <u>with prejudice</u> and Defendants Felix and Moore are dismissed from the action.

## V.     Conclusion

For the reasons stated herein:

- Defendants' Partial Motion to Dismiss Riggins' conspiracy claim against Defendants Sepulveda and Boyce is DENIED;

- Defendants' Partial Motion to Dismiss Riggins' retaliation and conspiracy claims against Defendants Felix and Moore is GRANTED with prejudice;

- Defendants Felix and Moore are DISMISSED from the action.

- Riggins' remaining claims are First Amendment retaliation claim against Defendant Sepulveda, as well as his retaliation and conspiracy claims against Defendants Sepulveda and Boyce.

DATED this 23rd day of June, 2025.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

CC:   ANTOINE RIGGINS
      HB5577
      SCI-GREENE
      169 PROGRESS DRIVE
      WAYNESBURG, PA 15370

      All counsel of record, *via ECF*